IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

THERESA STEWART,           )
                           )
    Plaintiff,             )
                           )    Civil Action No.
v.                         )
                           )    99-AR-2711-J
WILKINS HOME BUILDERS,     )
INC., et al.,              )
                           )
    Defendants.            )

### MEMORANDUM OPINION

Before the court is a motion for summary judgment filed by defendants, Tony Wilkins ("Wilkins") and Ralph Hill ("Hill").[1] The motion seeks judgment as a matter of law on the claims by plaintiff, Theresa Stewart ("Stewart"), that defendants violated 42 U.S.C. §§ 2000e et seq., Title VII of the Civil Rights Act of 1964, ("Title VII"), including sexual harassment, retaliation, and constructive discharge. The motion also seeks judgment as a matter of law on Stewart's supplemental state law claims of the tort of outrage, assault and battery, and negligent hiring, training, supervision and retention. For the reasons set forth in the opinion below, defendants' motion is due to be granted.

---

[1] Defendants Wilkins Home Builders, Inc. ("Wilkins Home") and Billy Goodwin ("Goodwin") have not filed motions for summary judgment.



**DISCUSSION**

**THE TITLE VII CLAIM**

Stewart concedes that neither Wilkins nor Hill was her employer, and therefore, that they cannot be liable under Title VII.

**TORT OF OUTRAGE, ASSAULT AND BATTERY, AND NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION**

Stewart makes claims against Wilkins and Hill for the tort of outrage,[2] assault and battery,[3] and negligent hiring, training, supervision and retention.[4]

---

[2] To recover for the tort of outrageous conduct, a plaintiff must establish that: (1) "the defendant either intended to inflict emotional distress, or knew or should have known that emotional distress was likely to result from its conduct;" (2) "the defendant's conduct was extreme and outrageous;" and (3) "the defendant's conduct caused emotional distress so severe that no reasonable person could be expected to endure it." Portera v. Winn Dixie of Montgomery, Inc., 996 F. Supp. 1418, 1434 (M.D. Ala. 1999) (citations omitted); Jackson v. Alabama Power Co., 630 So. 2d 439, 440 (Ala. 1993).

[3] An assault is defined as "an intentional, unlawful offer to touch the person of another in a rude or angry manner under such circumstances as to create in the mind of the party alleging the assault a well-founded fear of an imminent battery, coupled with the apparent present ability to effectuate the attempt." Allen v. Walker, 569 So. 2d 350, 351 (Ala. 1990). According to the Supreme Court of Alabama, "[a] successful assault becomes a battery. A battery consists of an injury actually done to the person of another in an angry or revengeful or rude or insolent manner . . ." Surrency v. Harbison, 489 So. 2d 1097, 1104 (Ala. 1986); Kmart Corp. v. Perdue, 708 So. 2d 106, 110 (Ala. 1997).

[4] In Big B, Inc. v. Cottingham, a case dealing with negligent and wanton hiring and training, the Alabama Supreme Court restated the standard for holding the employer liable for the acts of the allegedly

2

Wilkins and Hill claim that they cannot be liable for any of the state law claims based on Goodwin's conduct because they are not Goodwin's employer. Stewart predicates her claims on the gender-based hostile work environment allegedly created by Goodwin and his physical and verbal assaults of Stewart on various occasions. Stewart does not suggest grounds upon which Wilkins and Hill can be held liable for the actions of Goodwin. Stewart does not allege that Wilkins or Hill personally engaged in any conduct necessary to establish the elements of these state law claims. Stewart appears to contend that Wilkins and Hill are liable because they held supervisory positions over Stewart, were informed of Goodwin's alleged conduct and took no action. Stewart would hold these individuals responsible under either a ratification or

---

ill-trained/negligently-hired employee:

> [T]he master is held responsible for his servant's incompetency when notice or knowledge, either actual or presumed, of such unfitness has been brought to him. Liability depends upon its being established by affirmative proof that such incompetency was actually known by the master or that, had he exercised due and proper diligence, he would have learned that which would charge him in the law with such knowledge. It is incumbent on the party charging negligence to show it by proper evidence.

Big B, Inc. v. Cottingham, 634 So.2d 999, 1003 (Ala. 1993).

3

vicarious liability theory.[5]

Stewart has not cited any authority, and this court has found none, for the proposition that liability for an employee's alleged tortious acts may be imputed to a supervisor, even one who ratifies the act or acts alleged. "[R]atification can arise only when there is the relationship of principal and agent, either actual or adopted. 'Ratification . . . is a doctrine of agency, and, where there is no agency and no attempt to act as agent, there is nothing to which the doctrine can apply.'" Exchange Security Bank v. King, 301 So. 2d 193, 196 (1974) (citation omitted).

Stewart does not allege in her complaint, or for that matter argue in her brief, that Goodwin was acting as an agent for Wilkins

---

[5] Although not presently before the court, under certain circumstances, an employer may be held liable for the tortious conduct of its employees on a ratification theory. Mardis v. Robbins Tire & Rubber Co., 669 So. 2d 885, 889 (Ala. 1995); Taylor v. State of Ala., et al., 95 F. Supp. 2d 1297 (M.D. Ala. 2000). For an employer to be held liable for the intentional torts of its agent, the plaintiff must offer evidence (1) that the agent's wrongful acts were committed in the line and scope of employment; or (2) that the acts were committed in furtherance of the business of the employer; or (3) that the employer participated in, authorized, or ratified the wrongful acts. Mardis, 669 So. 2d at 889. To show ratification in addition to proving the underlying tortious conduct of an offending employee, a complaining employee must show that the employer (1) had actual knowledge of the tortious conduct of the offending employee and that the tortious conduct was directed at and visited upon the complaining employee; (2) that based upon this knowledge, the employer knew, or should have known, that such conduct constituted a tort; and (3) that the employer failed to take "adequate" steps to remedy the situation. Id.

and/or Hill. A cause of action for these torts may lie against Wilkins Home, which could be held liable on a ratification and/or vicarious liability theory. <u>Hardy v. Town of Hayneville</u>, 50 F. Supp. 2d 1176, 1193 (M.D. Ala. 1999).

The court will grant Wilkins and Hills' motion for summary judgment as to Stewart's state law claims, just as it will on the Title VII claim.

## CONCLUSION

A separate and appropriate order will be entered.

DONE this 25th day of October, 2000

*[signature]*
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE